# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Jesus Valdez-Flores** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:11CR02367-001JB** |
| | USM Number: **62886-208** |
| | Defense Attorney: **Jeff Jones, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 07/13/2011 | |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 25, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**June 12, 2012**
Date Signed

Defendant: **Jesus Valdez-Flores**
Case Number: **2:11CR02367-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **21 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to section 5D1.1(c), the Court will not impose a term of supervised release.**

The Court incorporates by reference its Memorandum Opinion and Order, filed June 12, 2012 (Doc. 27)("MOO"). On September 7, 2011, Valdez-Flores, pursuant to a Non-Standard Fast Track Plea Agreement, filed September 7, 2011 (Doc. 15)("Plea Agreement"), pled guilty to the Information, filed September 7, 2011 (Doc. 12), charging a violation of 8 U.S.C. § 1326(a) and (b), that being Re-entry of a Removed Alien. See Plea Agreement ¶ 3, at 2. Pursuant to the Plea Agreement, under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to a reduction of 2 offense levels based on acceptance of responsibility and, if applicable under U.S.S.G. § 3E1.1, a reduction of an additional offense level. See Plea Agreement ¶ 6(a), at 2. The parties also agree that Valdez-Flores is entitled to a 1 level reduction under U.S.S.G. § 5K3.1 for his waiver of his appellate rights. See Plea Agreement ¶ 6(b), at 2. Valdez-Flores waives the right to appeal his conviction and any sentence within the advisory guideline range. See Plea Agreement ¶ 12, at 5.

On November 17, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Valdez-Flores. The PSR calculates a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 11, at 4. The USPO applies an 8-level enhancement, pursuant to U.S.S.G. §2L1.2(b)(1)(C), because Valdez-Flores was previously deported after a conviction for an aggravated felony. See PSR ¶ 12, at 4. The USPO then applies a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 17, at 5. Pursuant to the Plea Agreement, the USPO further reduced Valdez-Flores` offense level 1-level. See PSR ¶ 19, at 5. Accordingly, Valdez-Flores` total offense level is 12. See PSR ¶ 19, at 5. The USPO calculates a criminal history category of VI, based on 13 criminal history points. See PSR ¶ 30, at 10. A total offense level of 12 and a criminal history category of VI, establishes a guideline imprisonment range of 30 to 37 months. See PSR ¶ 59, at 17. On January 23, 2012, the USPO disclosed a Memorandum which noted two changes to the PSR. With respect to paragraph 28, the USPO asserts that Valdez-Flores should have been assessed 2 criminal history points, instead of 1, for his 2010 conviction for Count 1: Possess, Receive, or Pass a Forged Paper, Felony. See Memorandum at 1. The USPO notes that this correction requires changing paragraph 30 to reflect that Valdez-Flores` criminal history category is based on 14 criminal history points. See Memorandum at 1. The USPO asserts that these changes do not affect Valdez-Flores` criminal history category, which remains a VI. See Memorandum at 1.

Valdez-Flores asks the Court for a sentence of probation or a sentence of less than 2-years imprisonment. Plaintiff United States of America asks that the Court sentence Valdez-Flores within the applicable guideline range. The Court has reviewed the PSR`s factual findings, and, there not being any objections to those findings, the Court adopts them as its own. The Court has also reviewed the PSR`s guidelines calculation, and, with the corrections noted in the Memorandum, the Court adopts those calculations as its own as well. The Court has considered the factors set forth in 18 U.S.C. § 3553(a).

Before any downward departure, the offense level is 13 and the criminal history category is VI, establishing a guideline imprisonment range of 33 to 41 months. Pursuant to rule 11(c)(1)(C) and U.S.S.G. § 5K3.1, the Court accepts the Plea Agreement, which provides for a 1-level offense reduction, as the Court is satisfied that the agreed-on offense level reduction departs for justifiable reasons. The Plea Agreement is pursuant to a non-standard fast track plea agreement. In section 401(m)(2)(b) of the PROTECT Act, Congress approved early disposition or fast track programs if certain conditions are met. The Court believes that these conditions are met in this case, and that this departure is in the lower part of the range of departures that Congress allowed. The Court accepts the Plea Agreement, and the Court`s sentence will be consistent with it. An offense level of 12 and a criminal history category of VI establishes a guideline imprisonment range of 30 to 37 months.

The Court notes that Valdez-Flores illegally re-entered the United States after previously being deported and subsequent to a felony conviction. The Court has, as the record will reflect, considered the guidelines, but in arriving at its sentence, has taken account not only of the guidelines, but of other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully considering Valdez-Flores` circumstances, the Court concludes that the punishment set forth in the guidelines is not appropriate

for this offense. The Court then considered the kinds of sentences and ranges established in the guidelines, and concludes that some variance is appropriate. The Court has identified six factors that counsel in favor of a variance. The Court believes that, while Valdez-Flores does not meet all the factors for a cultural-assimilation downward departure, he came to the United States at the age of two when he had no choice; he was educated and worked in the United States; he has lived in the United States for the majority of his life; and his family is in the United States legally. These circumstances counsel in favor of some sentence reduction. The Court also notes that, while his physical, mental, and emotional conditions, do not justify a departure, the Court believes that his tuberculosis supports a variance. Furthermore, Valdez-Flores has extensive family ties and responsibilities. Valdez-Flores has six children who are United States citizens, and he has a close relationship with his mother, who is ill. The Court also notes that Valdez-Flores had two steady periods of employment: (i) from 1994 to 2004, he worked as an ice-cream distributer; and (ii) from 2004 to 2010, he was employed as a warehouse laborer. See PSR ¶¶ 53-54, at 16. Valdez-Flores had no significant criminal history until age twenty-six, and the Court believes this change is attributable to problems with drugs, problems which now appear to be under control. The Court believes that these factors counsel in favor of a variance. The Court concludes that there are, however, three factors which weigh against a variance. The most notable negative factor is Valdez-Flores` extensive criminal history. Additionally, Valdez-Flores has been deported to Mexico five times and continues to return, disregarding the laws of the United States. Furthermore, the Court finds that Valdez-Flores has a significant extended family in the United States who should be able to care for his mother and children while he is incarcerated. This fortunate circumstance puts Valdez-Flores in an enviable position compared to many defendants whom the Court sees. The Court believes that these three factors undercut, to some extent, the request for a variance.

Nonetheless, there are more factors that counsel in favor of a variance than not. The Court will therefore vary the equivalent of 3 offense levels. A total offense level of 9 and a criminal history category of VI would establish a guideline imprisonment range of 21 to 27 months. The Court believes that a sentence of 21 months, which is in line with the request for a sentence of less than two-years, is appropriate. The Court believes that this sentence continues to reflect the seriousness of this offense, and it is much longer than any sentence he has received for a re-entry offense. For his 2004 conviction for illegal entry, Valdez-Flores received a sentence of 75 days in custody. The Court also finds that its sentence provides a more just punishment, because of the factors which the Court has identified and because this sentence is the longest sentence that Valdez-Flores has received for re-entry. The Court concludes that a 21-month sentence affords adequate deterrence on a general level, because this sentence is the longest one that Valdez-Flores has received for a re-entry offense. The Court is concerned whether any sentence will specifically deter Valdez-Flores given his ties to the United States and his history of re-entering the country. Given the nature of Valdez-Flores criminal history -- which includes few violent or more serious offenses -- the Court believes that this sentence is adequate to protect the public. Additionally, given how close Valdez-Flores is to receiving a cultural-assimilation departure, the Court believes that this sentence avoids sentencing disparities among defendants with similar criminal histories who have been found guilty of similar offenses.

The Court finds that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).'' (citation omitted)) -- the Court believes this sentence is reasonable, more reasonable than the applicable guidelines sentence, and reflects accurately the factors in 18 U.S.C. § 3553(a). Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Valdez-Flores to 21-months imprisonment.

☒   The court makes the following recommendations to the Bureau of Prisons:

**The Court first recommends FCI Terminal Island, CA and secondarily recommends FCI Taft, CA, if eligible.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Services Office.

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Jesus Valdez-Flores**
Case Number: **2:11CR02367-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.